Good morning and may it please the court. My name is Dan O'Neill and I represent appellant John Costanzo Jr. There is no dispute here that Mr. Costanzo is not a risk of flight and does not present any danger to the community. As a result the only question before this court for purposes of bail is whether his appeal presents a substantial question that is a question that if he prevails will result in reversal or a new trial. Our motion sets forth three substantial questions. With my time I'd like to briefly address a few points about each. First, the government failed to prove a quid pro quo. Under this court's decision in silver the government has two options. One, it can prove a direct link between the payments and the acts the official took. Two, it can proceed under an as opportunities arise theory. Here the government conceded below it couldn't prove a direct link and said it was it was pursuing the case as an as opportunities arise case. That's what it argued to the jury. That's what it argued to the district court defending the conviction in the post trial motions. Here before this court however the government now disavows the as Was that term used in the instructions to the jury as opportunities arise or not? It was not your honor but the jury instructions they did not foreclose an as opportunities arise theory. They did not require the jury. My understanding with the instruction you can correct me if I'm wrong was that they don't have to find a specific act tied to a specific act on a particular day but that it couldn't be some act some undefined act. The act here was clearly giving confidential DE information to Ressio and others, right? Isn't that the act that they allege? It's not that they're alleging he violated his DEA duties in some way. They had a very specific way that he was violating it. The act was to provide confidential information which I think you said in your brief was undisputed at least to some extent, right? That he provided confidential DEA information? Correct. The questions were why was he doing it and what was the nature of the agreement and the evidence that the government induced here showed that the nature of the agreement could have been much broader than just providing confidential information. There was evidence he did other things to help Ressio. He edited a document that they were submitting to the court, things like that. So that's the danger of the as opportunities arise theory is how concrete, how specific is the promise. But here the government disavows the as opportunities arise theory and they cannot show a direct link. So at a minimum we would submit that the evidence is insufficient for that purpose. If I could turn to our second issue which is the confrontation clause violation. The government violated Mr. Costanzo's confrontation clause rights by introducing testimonial and acts and statements of his co-defendant, Mr. Ressio. And that evidence came in two forms. First, the government elicited testimony that in response to a subpoena that called for all documents related to a particular check, Mr. Ressio produced a chain of text messages between himself and Mr. Costanzo. And those text messages included not only messages about Mr. Costanzo's father but also messages about searching a DEA database. And then second, the government introduced a cover sheet that Mr. Ressio had included with his production that echoed the language of the subpoena request and said these are these are documents relating to that check. The government called the... Was there any objection to the introducing of the documents and the cover sheet? As to the as to the documents, no. There was no objection. The cover sheet, there was an objection to the introduction? No, no. Sorry. As to the as to the cover sheet, there was no objection. So isn't that problematic? If the government was just reading from a document that was stipulated could come into evidence? Well, it wasn't. Excuse me, Your Honor. It wasn't stipulated that it could come into evidence. There was no objection. It was a stipulation to a totally separate exhibit and on that basis the district court said there might be waiver as to that exhibit. As to this exhibit, which is GX 530, there was no stipulation. There was merely a failure to object and this case, this court's cases like Hardwick and Riggi that we cite in our papers are clear that a failure to object, even a failure, even an objection that doesn't mention the confrontation clause is at most reviewable for, is plain error. It's not a waiver. The government said this was was direct evidence of a quid pro quo. It says this was Riccio truthfully admitting that there was a link between the payments and these text messages that came into evidence. It repeatedly hammered that home in its summations and that is, that's a confrontation clause violation. If Mr. Costanzo had the opportunity to cross-examine Mr. Riccio, he would have elicited why did you produce these messages? You know, did you redact these messages? Think about redacting these messages. What were you actually saying by producing this long text chain? What were you saying was related to the the check that the subpoena asked about? I see my time is up. I would also just ask if the court finds a substantial question here. We also submit there's no reason not to forfeiture. I know it's undisputed but is the district court required to make the finding that he doesn't pose a risk of flight or danger to the community? Because no, none was made, right? I believe that's correct that none was made that the government didn't contest it when when we requested bail below. We should just assume that that is inherent, implicit in the court's ruling that it was relying solely on the strength of the substantive arguments. Correct, correct. Thank you. Thank you. May it please the court, my name is Sebastian Sweat and I'm an assistant United States Attorney in the Southern District of New York. I represent the United States on appeal and I represented the United States in the proceedings below. I'd like to begin by addressing a few points that were raised by the appellant with respect to the Bruton issue. The appellant's Bruton issue fails at every stage of the analysis. Judge Etkin ruled that there was likely waiver with respect to government exhibit 530 which were the trial subpoenas and one thing that is worth noting is that not only was the exhibit admitted without objection but there were objections to other exhibits at the same time. So it's not simply that he failed to recognize the import of this document, it's that there were there was a considered decision made as to which exhibits would and would not be objected to at the time. And your view that's a waiver rather than just a really clear forfeiture? Your Honor, I think that that's a factor that goes to whether there was waiver here but even if there wasn't waiver and this is reviewed under a plain error analysis, there's no question both that there was no error with respect to Bruton, there was nothing about the government exhibit that directly accused Costanzo of any misconduct and even if it was, there's no effect on a substantial right. And one thing that was said by the appellee was that this was repeatedly hammered home in summation. I just want to note that in the government summation, which lasted 52 pages on the transcript, there was at most 1.5 pages devoted to this particular issue. On rebuttal, which was 31 pages, there was a paragraph as to this point. I think that that's very important in light of the holding in Rigi where the court noted that the allocutions that came in were quote, woven throughout the summation and went beyond isolated casual. Wasn't this testimonial, in fact, when the prosecutor stood up in the summation and asked questions during the introduction, or the use of the exhibit, saying this is Mr. Recchio telling you, is telling you that those text messages relate to the $2,500 payment. That seems to be testimonial. The act of reduction, the government was arguing, is testimony that those two things are related. So, or am I missing something? No, Your Honor, you're not missing something. That's not... So isn't that problematic because Mr. Recchio is not testifying, right? It's not problematic under Bruton, because again, under Bruton, and in particular under the holding in Samia, you have to show that the confession directly accuses the co-defendant. And the documents at issue, they didn't say Costanzo's name. And when I say the documents at issue, I'm referring to this cover page, which is really the testimonial part. The cover page said that these documents relate to a $2,500 invoice. Didn't mention Costanzo by name. It didn't concede that there was a bribery agreement. It didn't concede that the payment related to bribery. And that's very different from Samia, where you had a co-defendant's confession in which he acknowledged the existence of a murder-for-hire plot, said that he was present at the killing, and the only thing that didn't come in was that his co-defendant actually pulled the trigger. And rather, what came in was testimony that another person had committed the murder. And the court in Samia held that that did not directly accuse Samia, and therefore it was not a Bruton issue. And to the court's question about the force of this and the way the government argued it at closing, even if it was a Bruton issue, it would have been cured by redacting Resio's name from the custodian of records form. And the government would have had all of the same arguments available to it, because nobody disputed that Global Legal Consulting, the company that had produced the subpoena returns, was Resio's company, and that he was, in effect, the person controlling that company. So what would the, just help me understand, the theory, if Resio's off the document, the theory of admissibility of not just the documents, but the cover page, becomes what? Well, Your Honor, the cover page was never objected to. No, no, I understand, but you're now making an argument of the merits, as I understand it. Your Honor, I think the question becomes whether the cover page was testimonial under Crawford. This is not a Crawford argument, strictly. I've looked through the briefs. Crawford is mentioned one time in both briefs. I thought you were saying that if the company produced the documents, there wouldn't be no issue about testimony. Is that what you were suggesting? I'm saying if the company produced the documents, there's no, if the company produced the documents and Resio's name is redacted, there's no longer a Bruton issue. Appellant has not raised Crawford arguments, at least not as I read his brief. Whether it was testimonial under Crawford is a separate question. And again, even if it was, and there was... Why don't you just cover it in 15 seconds, a little bit more, why it didn't affect the substantial rights, even if it was erroneous. Well, Your Honor, for a number of reasons. First, again, under Bruton, it certainly could have been redacted, and the fact that GLC produced these records could have come in. Even if under Crawford, the view is that the collection of the documents was testimonial, those documents had already come in. The government had seized Resio's phone and had produced those text messages and, in fact, had introduced them as part of its case in chief. Furthermore, many of the arguments, as I said, would have been available to the government, given the relationship between GLC and Resio and given the timing between these text messages and the payments that were at issue. And finally, and this is a point that the district court noted, this evidence was marginal at best to the jury's finding. There were recordings. There were deleted text messages. There was a secret phone. There were payments routed through third parties. There were lies when both Costanzo and Resio were approached by law enforcement. There was an overwhelming amount of evidence that allowed the jury to reach a conclusion. Thank you. Thank you both.